UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                                  Case No. 18-20255
                                                        HON. VICTORIA A. ROBERTS
v.

JAMES WARNER,

       Defendant.
_____/

**<u>ORDER CONCERNING DEFENDANT'S MOTION IN LIMINE TO EXCLUDE
IMPROPER OPINION EVIDENCE [DOC. #98]</u>**

    **I.**       **INTRODUCTION and BACKGROUND**

The Government alleges Defendant James Warner schemed to defraud the Wayne County Airport Authority. It alleges he: (1) provided, in his capacity as field inspector and supervisor for maintenance and repair projects at Detroit Metropolitan Airport, confidential and proprietary information to companies which allowed them to secure facilities and maintenance contracts; (2) drafted and submitted inflated invoices; and (3) concealed mistakes, in exchange for payment.

In Count Nine of the Indictment, the Government alleges Warner, in his capacity as an agent and officer of West Bloomfield Township, corruptly solicited, demanded, and agreed to accept a thing of value from a co-defendant, intending to be influenced and rewarded in connection with transactions of the West Bloomfield Water and Sewer Department.

1

Warner asks this Court to preclude Government lay witnesses from expressing opinions or legal conclusions pursuant to Fed. R. Evid. 701. The Government concurs. Accordingly, the Court **GRANTS** Warner's motion *in limine*.

However, in the Government's response, it says it intends to ask current and former Wayne County Airport Authority and West Bloomfield Township employees hypothetical questions related to Warner's alleged conduct. Warner objects.

The Court declines to broadly preclude hypothetical questioning. However, it reserves its ruling on specific questions until trial.

## II.  STANDARD OF REVIEW

District courts have broad discretion over matters regarding the admissibility of evidence at trial. *United States v. Seago,* 930 F.2d 482, 494 (6th Cir. 1991). "Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States,* 469 U.S. 38, 41 n. 4 (1984). "A ruling on a motion *in limine* is no more than a preliminary, or advisory opinion that falls entirely within the discretion of the district court." *United States v. Yannott,* 42 F.3d 999, 1007 (6th Cir. 1994). Motions *in limine* may promote "evenhanded and expeditious management of trials by excluding evidence that is clearly inadmissible for any purpose." *Indiana Ins. v. Gen. Elec. Co.,* 326 F.Supp.2d 708, 712 (6th Cir. 1975). Courts should rarely grant motions *in limine* that "exclude broad categories of evidence." *Sperberg v. Goodyear Tire & Rubber Co.,* 519 F.2d 708, 712 (6th Cir. 1975). The "better practice is to deal with questions of admissibility when they arise." *Id.*

## III. DISCUSSION

The Government intends to ask witnesses employed by the Wayne County Airport Authority, ("WCAA"), and West Bloomfield Township at the same time as Warner, hypothetical "what would you have done" questions. They include: (1) whether the WCAA would have approved Warner to engage in consulting services for, or receive payments from, outside vendors; and (2) whether West Bloomfield Township would have awarded vendor contracts and/or authorized vendor payments had they known Warner was, allegedly, receiving payments for work performed.

Warner opposes this line of questioning. He says if a current or former employee hypothetically testifies that he would not have approved his work, this would "telegraph" to the jury that the work was illegal or unethical and introduce legal conclusions into evidence.

The Court will not broadly preclude the Government from asking all "what would you have done" hypothetical questions. Current and former employees may testify based on particularized knowledge acquired through employment. *United States v. Kerley,* 784 F.3d 327, 340 (6th Cir. 2015); *see United States v. Whaley,* 860 F.Supp.2d 584. Such testimony fits within the parameters of Fed. R. Evid. 602 and 701 and does not fall within the scope of 702. *See* Fed. R. Evid. 701 advisory committee's note to 2000 amendments. ("Such opinion testimony is admitted not because of experience, training, or specialized knowledge within the realm of an expert, but because of the particularized knowledge that the witness has by virtue of his or her position in the business.").

However, while the Court accepts this principle of law, it reserves its ruling until specific questions are asked at trial.

## IV. CONCLUSION

The Court **GRANTS** Warner's motion *in limine* to the extent the Government concurs. The Court declines to broadly preclude the Government from asking hypothetical questions to current and former Wayne County Airport Authority and West Bloomfield Township employees.

**IT IS ORDERED.**

s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: May 17, 2019