UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JAMES WARNER,

    Defendant.

_____/

Case No. 18-20255
HON. VICTORIA A. ROBERTS

## ORDER DENYING DEFENDANT'S MOTION FOR NEW TRIAL PURSUANT TO FED. R. CRIM. P. 33 [ECF #132]

### I. INTRODUCTION

James Warner says the Court denied his Sixth Amendment right to counsel of choice when it denied his attorney's emergency motion to adjourn his trial date. [ECF #106]. Warner moves for a new trial pursuant to Fed. R. Crim. P. 33.

Because Warner never requested counsel different from his counsel of record, the Court did not deny Warner the right to his counsel of choice.

The Court **DENIES** Defendant's motion.

### II. BACKGROUND

The Government charged James Warner in May 2018 in an eight-count Second Superseding Indictment. The Court scheduled trial for November 26, 2018. Subsequently, the Government charged Warner in a ten-count Fifth Superseding Indictment in January 2019 alleging fraud, bribery, conspiracy, money laundering, and obstruction of justice related to a multi-defendant scheme to defraud the Wayne County Airport Authority. The

Court adjourned Warner's trial date several times at the request of the parties: first, to February 5, 2019, then to May 7, 2019, and finally to May 21, 2019.

In November 2018, Robert Harrison, Warner's trial attorney, told the Court about his back pain stemming from a failed surgery. He cited this as a reason, along with voluminous on-going discovery, as a basis for his request to adjourn Warner's first trial date. The Court granted the request. On May 15, 2019, Harrison told the Court again through email about back and leg pain. Harrison stated Warner was aware of his physical limitations and informed the Court that he may need accommodations during trial. He did not request an adjournment.

On May 16, 2019, the Court spoke with counsel to finalize the trial schedule. The Court advised that the trial must be completed by June 5, 2019, and that some full days may be necessary – a modification of the Court's typical half day (8:30 a.m. – 1:30 p.m.) schedule. After this conference, Harrison emailed the Court seeking an adjournment; he said his back issues would prevent him from completing full days. He also said that if the trial was adjourned, he would arrange to have another trial attorney try the case with him. The Court told Mr. Harrison to file a motion.

Harrison filed an emergency motion to adjourn on May 17, 2019. [ECF #106]. The motion outlined two reasons for adjournment: (1) the proposed trial schedule and the Court's instruction that trial must conclude by June 5, 2019 would jeopardize Warner's right to a full and fair trial; and (2) health issues would substantially impair Harrison's performance. There was no request for secondary counsel.

The Court found both arguments unavailing and denied the motion. The Court concluded: (1) Harrison never informed the Court that he could not endure full trial days;

(2) the proposed schedule gave the parties all the time they said they needed for trial; and (3) it would extend whatever courtesies Harrison required during trial to address his pain and fatigue issues. The Court gave the parties alternative trial schedules: one of mainly half days that took into account the Court's need to break around June 5th, and extended trial to June 13th. The second alternative concluded the trial on June 5th, but with a higher mix of full trial days. [ECF No. 110]. The parties declined these options.

Warner's trial began on May 21, 2019. It lasted for eight modified half days over a period of three weeks. The jury returned guilty verdicts on June 5, 2019.

### III. LEGAL STANDARD

While the disposition of a motion for continuance is "traditionally within the discretion of the trial judge," *Ungar v. Sarafite,* 376 U.S. 575, 589 (1964), an "'unreason[ed] and arbitrary' insistence upon expeditiousness in the face of a justifiable request for delay violates the right to assistance of counsel." *Abby v. Howe,* 742 F.3d 221, 227 (6th Cir. 2014) (quoting *Morris v. Slappy,* 461 U.S. 1, 11-12 (1983) (internal citations omitted).

A court violates a defendant's right to counsel of choice when it erroneously prevents the lawyer of choice from representing defendant, regardless of the quality of the representation received. *United States v. Gonzalez,* 548 U.S. 140, 148 (2006). A showing of prejudice is not required. *Id.* at 147.

### IV. DISCUSSION

Warner says the Court denied him his Sixth Amendment right to counsel of choice when it denied Harrison's emergency motion for adjournment, filed four days before trial. Warner says this denied him the right to hire another experienced trial attorney to "pick

3

up where Harrison's physical limitations left off." [ECF #132, PageID.851]. However, as the Government asserts, at no time before or during Warner's trial did Warner say that Harrison was not his counsel of choice.

Warner bases his argument on *United States v. Gonzalez-Lopez,* 548 U.S. 140 (2006). There, the Supreme Court held the Sixth Amendment guarantees a defendant the right to be represented by the counsel he believes to be best. *Id.* at 146. *Gonzalez-Lopez* is not applicable to our facts.

In *Gonzalez-Lopez,* the defendant specifically requested another attorney to represent him either in addition to or instead of his original attorney. *Id.* at 142. The court denied three of the new attorney's applications for *pro hac vice* admission. *Id.* The Supreme Court found the district court's denial of the applications for *pro hac vice* admission was erroneous and violated the defendant's right to counsel of choice. *Id.* at 148. *Gonzalez-Lopez* is easily distinguishable.

*Linton v. Perini,* 656 F.2d 207 (6th Cir. 1981), cited by Warner as well, is as distinguishable. Defense counsel withdrew from the case ten days before trial and the court instructed the defendant to find new representation. *Id.* at 208. When he could not, the court appointed counsel, and subsequently denied appointed counsel's two requests for a continuance. *Id.* The Sixth Circuit found this denial to be unreasonable because the defendant was denied his right to a "reasonable opportunity to employ and consult with counsel." *Id.* at 211. Similarly, in *Wilson v. Mintzes,* 761 F.2d 275 (6th Cir. 1985), the defendant requested a continuance mid-way through trial after expressing dissatisfaction with his attorney. *Id.* at 281. The Sixth Circuit found the trial judge acted unreasonably when it denied a continuance. *Id.* at 282.

4

None of these situations is present here: Warner never requested additional counsel; the Court never denied Warner time to consult with counsel. And, Warner never expressed dissatisfaction with Harrison to the Court, before or during trial.

Harrison did suggest through email that he may seek additional counsel if the Court adjourned the trial date. However, there is no Supreme Court precedent that addresses the right to counsel of choice in the multiple counsel context. *Abby v. Howe,* 742 F.3d 221 (6th Cir. 2014). The Sixth Circuit declined to make a ruling in *Abby v. Howe* on whether the right to counsel of choice applies to second or secondary counsel. In *Abby,* the defendant asserted he was denied his Sixth Amendment right to counsel of choice when he was forced to go to trial without one of his two retained attorneys; one was in trial in another matter. *Id.* at 226. The defendant objected to the trial starting without both attorneys present. *Id.* at 223. The court proceeded with only one defense counsel because: (1) the trial date had been rescheduled several times; (2) the late objection from defendant; (3) secondary counsel failed to notify the court of conflicts or attempt to reschedule either case; (4) each attorney had previously appeared on the case alone; and (5) the available attorney was experienced and prepared to proceed. The Sixth Circuit reasoned it did not have to stake out a position on whether the right to counsel of choice applies to secondary counsel because "the Supreme Court has not held that a defendant's right to counsel of choice necessarily is violated when his secondary retained counsel has a scheduling conflict precluding his or her attendance at trial." *Id.* Because of this, the Sixth Circuit denied habeas relief; it held the state court's analysis of this issue was not unreasonable or contrary to clearly established federal law.

5

Even if the counsel of choice doctrine applied in a multiple-counsel context, it would not change the result here: Warner never requested secondary counsel in his motion to adjourn or in any other motion.

V.	**CONCLUSION**

The Court **DENIES** Defendant's motion.


Dated: September 20, 2019                    s/ Victoria A. Roberts
                                             Victoria A. Roberts
                                             District Court Judge