UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JAMES WARNER - D4,

    Defendant.
_____/

Case No. 18-20255
HON. VICTORIA A. ROBERTS

## ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION FOR NEW TRIAL [ECF No. 159]

James Warner filed a motion for reconsideration of this Court's order denying his motion for a new trial. Warner does not show any "palpable defect" in the Court's order, and the Court **DENIES** his motion.

### I.     BACKGROUND

The facts of this case are set forth in this Court's order denying Warner's motion for a new trial [ECF No. 153]. The Court denied his motion for a new trial because the premise of the motion – that Warner requested counsel different from his counsel of record, and the Court denied that request – is a fallacy.

1

## II. LEGAL STANDARD

To succeed on a motion for reconsideration "[t]he movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3). A "palpable defect" is a "defect that is obvious, clear, unmistakable, manifest, or plain." *United States v. Cican,* 156 F.Supp.2d 661, 668 (E.D. Mich. 2001) (J. Gadola).

Warner fails to demonstrate any "obvious, clear, unmistakable, manifest, or plain" defect in the Court's denial of his motion for a new trial.

## III. ANALYSIS

In this motion, Warner tries to reframe the issue that was before the Court in May 2019 when he filed his emergency motion to adjourn his trial date.

The true landscape of the issue is this:
- There were three requests for adjournment – all of which the Court granted – prior to the request for adjournment at issue.

- Six days before the fourth scheduled trial date, Warner's trial counsel, Robert Harrison, sent an email to the Court about back and leg pain. He said his client was aware of his limitations, and that he may need accommodations during trial. No request to adjourn the trial was made.

2

- The Court tried to finalize a trial schedule the next day and said it may contain a mix of half and full days. Harrison emailed the Court the day after, seeking an adjournment. He said he could not do full days, and that "IF" the trial was adjourned, he would arrange to have an additional lawyer try the case with him so that his back issues would not be a "consideration at the time of the new trial date." The Court decided not to handle the issue via email; it told Harrison to file a motion.

- The next day, Harrison filed an emergency motion to adjourn trial. He did not mention the need for another attorney. He took issue with the trial schedule. He said health issues would impair his performance. Harrison expressed concerns with a "truncated" schedule and artificial limitations the Court might place on Warner's right to cross examine witnesses. Harrison stated, "defense counsel's health issues make this truncated schedule an impossibility."

- In denying the motion, the Court addressed Harrison's issue with the trial schedule and proposed several schedules, including one that completely granted Harrison's request for half days and which anticipated a week-long break as well. It included 4 half days; a weekend plus two days of break from trial; two half days of trial, a weekend plus a day break from trial; three half days of trial; a week break; one full day of trial and two half days. The parties declined this schedule and opted for the one that included a mix of half and full days and which fully extended to the parties the amount of time they said they needed for trial. No schedule the Court proposed gave the parties less time than they said they needed for the presentation of evidence.

- During trial, the Court granted Harrison every accommodation he requested. A stand-up desk provided by the Court was barely used by Harrison.

- A licensed attorney assisted Harrison every day of trial. He participated in trial proceedings through objections, motions, and argument.

Warner sets out two arguments for reconsideration: (1) the Court misinterpreted *U.S. v. Gonzalez-Lopez,* 548 U.S. 140 (2006) and misapplied *Abby v. Howe,* 742 F.3d 221 (6th Cir. 2014); and (2) the Court's denial of Warner's motion for a new trial because he did not make an explicit motion for a second retained counsel is a "palpable defect" because the Court failed to make an appropriate judicial inquiry. Both arguments fail.

**1. The Court Did Not Misinterpret the Supreme Court nor the Sixth Circuit in its Order Denying Warner's Motion for a New Trial – There is No Binding Precedent that the Sixth Amendment Right to Counsel of Choice Applies to Secondary or Additional Counsel**

Warner says *U.S. v. Gonzalez-Lopez,* 548 U.S. 140 (2006), held the right to retained counsel encompasses a right to additional trial counsel requested before trial. Warner is incorrect.

Gonzalez-Lopez informed his retained attorney, Fahle, that he wanted Low to be his only attorney. *Id.* at 142. The Court granted Fahle's motion to withdraw. Because of alleged ethics violations, the trial court denied Low's *pro hac vice* admission, thus denying Gonzalez-Lopez counsel of choice. Gonzalez-Lopez retained another attorney – Dickhaus. *Id.* at 143. At trial, Low was denied admission again, and the trial court denied Dickhaus's request "to have Low at counsel table with him." *Id.* at 144.

Warner says *Gonzalez-Lopez* holds that the right to counsel of choice is denied when the trial court erroneously rejects "the opportunity for the appearance of a second retained counsel on behalf of the accused both before trial in place of prior counsel, and at trial along with another retained attorney." This is incorrect.

The Supreme Court held the Sixth Amendment guarantees a defendant the right to be represented by the otherwise qualified attorney he can afford to hire, or who is willing to represent the defendant pro bono. But, Gonzalez-Lopez retained Dickhaus only because the trial court erroneously denied his choice of Low to be his only attorney. The Supreme Court's holding was not that Gonzalez-Lopez had a right to have two attorneys represent him.

Further, Warner's interpretation of *Gonzalez-Lopez* is not supported by the Sixth Circuit. The Sixth Circuit was clear in *Abby v. Howe* when it said:

> [T]here is no Supreme Court precedent – including *Gonzalez-Lopez* – that squarely addresses the scope of the right to counsel of choice in the multiple-counsel context. Although Abby is correct that at least two circuit courts have determined that the right to counsel of choice applies to second or secondary counsel, see *Rodriguez v. Chandler,* 492 F.3d 863, 864-65 (7th Cir. 2007); *United States v. Laura,* 607 F.2d 52, 55-57 (3d Cir. 1979), the Supreme Court has not weighed in on the matter. We need not stake out a position on the issue at this time.

5

*Abby v. Howe,* 742 F.3d 221, 227 (6th Cir. 2014). Neither the Supreme Court nor the Sixth Circuit has staked out a position on whether the Sixth Amendment right to counsel of choice applies to secondary – or in this case, a third – counsel of choice.

The holding of *Gonzalez-Lopez* is of no moment, however, since Warner never requested that Harrison and his associate be replaced, and never requested additional counsel.

> **2. Even if the Sixth Amendment Right to Counsel of Choice Applied to Additional Counsel, Warner Did Not Express Dissatisfaction with Harrison. The Court Had No Duty to Inquire.**

Warner frames the issue as one where the Court denied his pretrial requests for continuances "so that additional counsel could be retained." This is simply not true. Except for the fourth and final request, the Court granted all requests for continuances. And, that request was not so that additional counsel could be retained. The fourth request took issue with full days of trial and simply said if the Court did adjourn, Harrison would arrange for additional counsel to try the case with him. A request for additional counsel was never made. That critical difference distinguishes Warner's case from those that he relies upon.

Warner directs the Court to *Benitez v. United States,* 521 F.3d 625 (6th Cir. 2008). Benitez was a Spanish speaking defendant who told his attorney the night before his sentencing hearing that he no longer wanted his representation. The attorney told the Court this at the sentencing hearing. *Id.* at 628. Through an interpreter, Benitez reiterated several times that he did not want his attorney to represent him, but Benitez allowed for his attorney to "speak" for him after learning he would still be sentenced even after requesting that his attorney no longer represent him. *Id.* at 635.

In *Benitez,* the Sixth Circuit found the district court did not sufficiently inquire into Benitez's statements that he no longer wanted his attorney to represent him. It also held that even though Benitez did not explicitly request a new attorney, "his statements were sufficient to trigger the district court's obligation to inquire into his dissatisfaction" with his attorney. *Id.* But, Benitez – unlike Warner – made his dissatisfaction with his only attorney abundantly clear.

Judicial inquiry is triggered "only when the defendant apprises the court of his desire to effect a change in representation by way of 'a motion, or something that approximates such a motion.'" *Id.* at 634. But, the Sixth Circuit held in *United States v. Iles,* 906 F.2d 1122 (6th Cir. 1990) that "[t]he need for inquiry will not be recognized, however, where the defendant has not

7

evidenced his dissatisfaction or wish to remove his appointed counsel." *Id.* at 1131.

The Sixth Circuit expanded *Iles* to privately retained counsel in *Benitez.* The Government argued in *Benitez* that the *Iles*' principles applied only to cases involving the substitution of appointed counsel. The Sixth Circuit rejected this argument:

> [T]his reading ignores the more general principle underlying *Iles,* which is that where a district court is on notice of a criminal defendant's dissatisfaction with counsel, the court has an affirmative duty to inquire as to the source and nature of that dissatisfaction – regardless of whether the attorney is court-appointed or privately retained.

*Benitez,* 521 F.3d at 634.

Warner suggests that the Court abused its discretion because it was put on notice that he requested different counsel, and denied that request without an adequate inquiry. The Court was certainly on notice that Harrison suffered from back issues and pain. But that did not mean the Court divined, or should have divined, that Warner wanted new or additional counsel, or that he was dissatisfied with counsel of record. To trigger the Court's obligation to inquire, there needed to be more than an email suggesting Harrison would arrange to have additional counsel try the case with him "if" the trial date was adjourned, or if the schedule was not adjusted.

8

Harrison assured the Court that Warner was aware of his limitations. Neither Harrison nor Warner directly requested to change the status of Warner's representation. Even if the Court was put on notice when it received an email from Harrison saying he may need an accommodation, matters of such import must be brought to the attention of the Court through a motion or something that approximates a motion. An email is not that. The Court invited a motion. The motion filed did not request additional or different counsel.

### 3. Assuming Harrison's Email Triggered the Court's Duty to Inquire, the Court's Invitation to File a Motion was the Appropriate Inquiry

Warner says the Court failed to conduct an appropriate inquiry into Harrison's health status and into his request "to have the opportunity to retain additional counsel." After Harrison sent the email to the Court saying he could not do full trial days, and that he would arrange for an additional attorney to try the case with him if the trial was adjourned, the Court told him to file a motion. This was the appropriate inquiry Warner claims the Court did not make.

The Court ruled on the arguments set forth in the motion: Harrison asked for an adjournment because he said the Court's directive to conclude trial by June 5th jeopardized Warner's right to a full and fair trial, and

9

Harrison's health issues made the truncated schedule impossible. Harrison had the opportunity to elaborate on the need for additional counsel. He made no mention of this in his motion.

The failure to include a request for additional counsel in his motion for emergency adjournment is fatal to this request for new trial. That failure does not translate into a violation of Warner's Sixth Amendment right to counsel of choice by the Court.

### IV.    CONCLUSION

Warner never expressed dissatisfaction with Harrison directly to the Court, or a desire to remove him. Harrison never said Warner was dissatisfied with him. Warner never requested to be represented by a third attorney or by an attorney who would substitute for Harrison. One day after Harrison said he could not do full day trials, the Court announced a schedule which gave Harrison all the time he said he needed to try the case, which extended over four weeks, and which included only one full day. Harrison declined this schedule.

Nothing put the Court on notice of any dissatisfaction with Harrison or triggered an obligation to inquire about Harrison's ability to represent Warner. Contrary to Warner's representations in his Reply – that the Court did not inquire or consider Harrison's "physical status" in its Order denying

10

Warner's motion for a new trial – the Court did that precisely and stated it was prepared to extend whatever courtesy Harrison required in the courtroom to address his pain and fatigue. The Court proposed two alternative schedules – one that directly resolved Harrison's purported issue with full days.

The Court did not violate Warner's right to counsel of choice or any Sixth Amendment protections he was due.

Warner's Motion for Reconsideration is **DENIED.**

**IT IS ORDERED.**

Date: October 30, 2019

s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge