# UNITED STATES DISTRICT COURT

### Eastern District Of Michigan

|  |  |
|---|---|
| | §  **JUDGMENT IN A CRIMINAL CASE** |
| **UNITED STATES OF AMERICA** | |
| | § |
| v. | § |
| | §  Case Number: 0645 2:18CR20255 (3) |
| **James Warner** | §  USM Number: 56656-039 |
| | §  **Robert S. Harrison** |
| | **Nicholas A. Galea** |
| | **Harrold Z. Gurewitz** |
| | §  Defendant's Attorneys |

## THE DEFENDANT:

| | | |
|---|---|---|
| ☐ | pleaded guilty to count(s) | |
| ☐ | pleaded nolo contendere to count(s) which was accepted by the court | |
| ☒ | was found guilty on count(s) after a plea of not guilty | **Counts 1 through 10 of the Fifth Superseding Indictment** |

The defendant is adjudicated guilty of these offenses:

| Title & Section / Nature of Offense | Offense Ended | Count |
|---|---|---|
| 18 §§ 666(a)(1)(A) and (B) and 371 Conspiracy to Commit Theft from a Federally Funded Program and Federal Program Bribery | 10/31/2014 | 1sssss |
| 18 § 666 (a)(1)(A) Theft from a Federally Funded Program | 09/30/2013 | 2sssss |
| 18 § 666(a)(1)(A) Theft from a Federally Funded Program | 07/27/2014 | 3sssss |
| 18 §§ 1956(h) Conspiracy to Commit Money Laundering | 10/31/2014 | 4sssss |
| 18 §§ 666(a)(1)(A) and (B) and 371 Conspiracy to Commit Theft from a Federally Funded Program and Federal Program Bribery | 04/30/2015 | 5sssss |
| 18 § 1956(h) Conspiracy to Commit Money Laundering | 04/30/2015 | 6sssss |
| 18 §§ 666(a)(1)(B) and 371 Conspiracy to Commit Federal Program Bribery | 06/30/2014 | 7sssss |
| 18 § 1956(h) Conspiracy to Commit Money Laundering | 06/30/2014 | 8sssss |
| 18 § 666(a)(1)(B) Federal Program Bribery | 04/26/2017 | 9sssss |
| 18 § 1519 Obstruction of Justice | 08/16/2017 | 10sssss |

The defendant is sentenced as provided in pages 2 through 9 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐  The defendant has been found not guilty on count(s)

☐  Count(s) _____ ☐ is  ☐ are dismissed on the motion of the United States

     It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**02/05/2020**

Date of Imposition of Judgment

DEFENDANT:        James  Warner
CASE NUMBER:        0645 2:18CR20255 (3)

s/Victoria A. Roberts
Signature of Judge

**VICTORIA A. ROBERTS**
**UNITED STATES DISTRICT JUDGE**
Name and Title of Judge

**2/7/2020**
Date

DEFENDANT:          James  Warner
CASE NUMBER:        0645 2:18CR20255 (3)

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

**Counts 1, 5, and 7: 60 months on each count, to run concurrently; and Counts 2, 3, 4, 6, 8, 9, and 10: 120 months on each count, to sun concurrently, and to run concurrent with Counts 1, 5, and 7, resulting in an aggregate custody term of 120 months.**

**The Court waives imposition of the costs of incarceration.**

☒    The court makes the following recommendations to the Bureau of Prisons:

     **That the defendant be designated to FCI – Terre Haute in Terre Haute, Indiana; or FCI – Milan in Milan, Michigan, or a federal camp, if eligible.  Defendant should not be designated to Morgantown.**

     **While in custody, the defendant shall participate in the Inmate Financial Responsibility Program (IFRP).  The Court is aware of the requirements of the program and approves the payment schedules of the program and hereby orders the defendant's compliance.**

☐    The defendant is remanded to the custody of the United States Marshal.

☐    The defendant shall surrender to the United States Marshal for this district:

     ☐    at _____          ☐    a.m.      ☐    p.m.      on

     ☐    as notified by the United States Marshal.

☒    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

     ☐    before 2 p.m. on
     ☒    as notified by the United States Marshal.
     ☐    as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

     Defendant delivered on _____ to

at _____, with a certified copy of this judgment.


                                 UNITED STATES MARSHAL

                                     By
                         DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 09/17) Judgment in a Criminal Case

Judgment -- Page 4 of 9

DEFENDANT:        James  Warner
CASE NUMBER:      0645 2:18CR20255 (3)

<strong>SUPERVISED RELEASE</strong>

Upon release from imprisonment, the defendant shall be on supervised release for a term of:

**Counts 1 through 10: 24 months on each count, to run concurrently.**

**The Court waives imposition of the costs of supervision.**

<strong>MANDATORY CONDITIONS</strong>

1.  You must not commit another federal, state or local crime.

2.  You must not unlawfully possess a controlled substance.

3.  You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of
    release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
    - [ ] The above drug testing condition is suspended, based on the court's determination that you
      pose a low risk of future substance abuse. (*check if applicable*)

4.  [ ] You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of
    restitution. (*check if applicable*)

5.  [x] You must cooperate in the collection of DNA as directed by the probation officer. (*check if applicable*)

6.  [ ] You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.)
    as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you
    reside, work,are a student, or were convicted of a qualifying offense. (*check if applicable*)

7.  [ ] You must participate in an approved program for domestic violence. (*check if applicable*)

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional
conditions on the attached page.

DEFENDANT:            James  Warner
CASE NUMBER:         0645 2:18CR20255 (3)

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. I understand additional information regarding these conditions is available at the www.uscourts.gov.

Defendant's Signature  _____        Date  _____

DEFENDANT:        James  Warner
CASE NUMBER:       0645 2:18CR20255 (3)

## SPECIAL CONDITIONS OF SUPERVISION

**1.  The defendant shall make monthly installment payments on any remaining balance of the restitution and special assessment at a rate and schedule recommended by the probation department and approved by the Court.**

**2.  The defendant shall not incur any new credit charges or open additional lines of credit without the approval of the probation officer.**

**3.  The defendant shall provide the probation officer access to any requested financial information.**

**4.  The defendant shall participate in a program approved by the probation department for substance abuse, which may include testing to determine if the defendant has reverted to the use of drugs or alcohol, if necessary.**

**5.  The defendant shall not use or possess alcohol in any consumable form, nor shall the defendant be in the social company of any person whom the defendant knows to be in possession of alcohol or illegal drugs or frequent an establishment where alcohol is served for consumption on the premises, with the exception of restaurants.**

**6.  The defendant shall participate in a program approved by the probation department for mental health counseling, if necessary.**

**7.  The defendant shall take all medications as prescribed by a physician whose care he is under, including a psychiatrist, in the dosages and at the times proposed.  If the defendant is prescribed a medication, he shall take it, and the defendant shall not discontinue medications against medical advice.**

**8.  The defendant will be prohibited from seeking elected office or accepting any employment that would require him to act for or on behalf of a State or local Government or any department, agency or branch of Government, or to become a person in a position of public trust with official responsibility for carrying out a Government program or policy, or taking a position where he will participate so substantially in Government operations as to possess de facto authority to make governmental decisions.**

DEFENDANT: James  Warner
CASE NUMBER: 0645 2:18CR20255 (3)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | JVTA Assessment* | Fine | Restitution |
|---|---|---|---|---|
| **TOTALS** | $1,000.00 | N/A | Waived | $11,000,000.00 |

☐ The determination of restitution is deferred until       An *Amended Judgment in a Criminal Case (AO245C)* will be entered after such determination.

☒ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment.  However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

**Wayne County Airport Authority (WCAA) in the amount of $11,000,000.00.**

☐ Restitution amount ordered pursuant to plea agreement $

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☒ the interest requirement is waived for the      ☐ fine      ☒ restitution

☐ the interest requirement for the      ☐ fine      ☐ restitution is modified as follows:

* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22
** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT:          James  Warner
CASE NUMBER:        0645 2:18CR20255 (3)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A**  ☒  Lump sum payments of $11,001,000.00 (special Assessment and restitution) due immediately, balance due

    ☐  not later than                    , or

    ☒  in accordance     ☐  C,     ☐  D,     ☐  E, or     ☒  F below; or

**B**  ☐  Payment to begin immediately (may be combined with    ☐  C,    ☐  D, or    ☐  F below); or

**C**  ☐  Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of
    _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D**  ☐  Payment in equal 20 *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of
    _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment
to a term of supervision; or

**E**  ☐  Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release
from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that
time; or

**F**  ☒  Special instructions regarding the payment of criminal monetary penalties: **See Special Conditions of Supervision**
**The Court waives imposition of a fine.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☒    Joint and Several (with the following codefendants and/or related cases:

**William Pritula, Docket No. 18-CR-20255-02**

    ☒ Defendant shall receive credit on his restitution obligation for recovery from other defendants who contributed to the same
loss that gave rise to defendant's restitution obligation.
☐  The defendant shall pay the cost of prosecution.
☐  The defendant shall pay the following court cost(s):
☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal,
(5) fine interest, (6) community restitution, (7) JVTA Assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.

DEFENDANT:          James  Warner
CASE NUMBER:        0645 2:18CR20255 (3)

## ADDITIONAL FORFEITED PROPERTY

**"Pursuant to Title 18 U.S.C. 981(a)(1)(C) together with Title 28 U.S.C. Section 2461(c) and 18 U.S.C. 982(a)(1), (1) a forfeiture money judgment in the amount of \$5,474,132.48 is entered against the defendant in favor of the United States; and (2) the following property is forfeited to the United States: (a) \$468,830.65 in funds from account number: 3883329305 in the name of JBL Property LLC at TCF National Bank, Plymouth, MN; (b) \$2,028,136.38 in frozen funds from account number: 638-241262 in the name of James R. Warner at Fidelity Investments, Covington, KY; (c) \$806,013.65 in frozen funds from account number: 159-930270 in the name of James R. Warner at Fidelity Investments, Covington, KY; (d) \$326,980.51 in frozen funds from account number: X26-993360 in the name of James R. Warner at Fidelity Investments, Covington, KY; and (e) \$301,278.38 in frozen funds from account number: X26-993379 in the name of James R. Warner at Fidelity Investments, Covington, KY. The Preliminary Order of Forfeiture (ECF No. 144) is incorporated herein by this reference."**