UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA
   PLAINTIFF,        CASE #: 18-20255

vs

               HON. VICTORIA A. ROBERTS

JAMES WARNER
   DEFENDANT.

| | |
|---|---|
| Eaton Brown, AUSA<br>Mark Chutkow, AUSA<br>United States Attorney's Office<br>211 W. Fort Street, Suite 2001<br>Detroit, MI 48226 | Harold Gurewitz (P14468)<br>Gurewitz & Raben, PLC<br>333 W. Fort Street, Suite 1400<br>Detroit, MI 48226<br>(313) 628-4733<br><br>Robert Harrison (P14691)<br>Nicholas Galea (P80729)<br>40950 Woodward Ave., Suite 100<br>Bloomfield Hills, MI 48304<br>(248) 283-1600 |

### DEFENDANT WARNER'S MOTION FOR BOND PENDING APPEAL

Now comes Defendant James Warner by his attorney, Harold Gurewitz, and respectfully requests that this Court grant him bond pending appeal for the reasons set forth in his brief attached to this motion.

The Government opposes this motion.

Respectfully submitted,

**GUREWITZ & RABEN, PLC**

s/Harold Gurewitz
Gurewitz & Raben, PLC
333 W. Fort Street, Suite 1100
Detroit, MI 48226
(313) 628-4733
Email:  hgurewitz@grplc.com
Attorney Bar Number:  14468

Date: February 25, 2020

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA
    PLAINTIFF,

CASE #:18-20255

vs

HON. VICTORIA A. ROBERTS

JAMES WARNER
    DEFENDANT.

| | |
|---|---|
| Eaton Brown, AUSA | Robert Harrison (14691) |
| Mark Chutkow, AUSA | Nicholas Galea (80729) |
| United States Attorney's Office | Harold Gurewitz (P14468) |
| 211 W. Fort Street, Suite 2300 | Gurewitz & Raben, PLC |
| Detroit, MI 48226 | 333 W. Fort Street, 11th floor |
| | Detroit, MI 48226 |
| | (313) 628-4733 |

**DEFENDANT WARNER'S BRIEF IN SUPPORT OF
<u>MOTION FOR BOND PENDING APPEAL</u>**

**I.     INTRODUCTION**

Defendant James Warner asks this Court for bond pending appeal pursuant to 18 USC §3143(b). Defendant Warner asks to be granted bond pending appeal (1) because he can establish by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other person or the community, as required by 18 USC §3143(b)(1)(A), and (2) because his appeal in this case is not for the purpose of delay and will raise a substantial question of law and fact, as those terms have been used in controlling case authority, and are likely to result in

reversal or an order for a new trial as required by 18 USC §3143(b)(1)(B).

The legal and fact issues which are framed by the Defendant's motion for new trial (ECF 132) satisfy the "substantial question" criteria required by the statute.

## II. STATEMENT OF FACTS AND PROCEEDINGS

### A. FACTS AND PROCEEDINGS

Defendant Warner was tried on a ten count Fifth Superseding Indictment. The Indictment charges: Conspiracy (18 USC §371), Theft From A Federally Funded Program (18 USC §666(a)(1)(A)), Federal Program Bribery (18 USC §666(a)(1)(B), Money Laundering Conspiracy (18 USC §1956(h)), and Obstruction of Justice (18 USC §1519).

Trial took place from May 21, 2019 through June 5, 2019 when the jury returned guilty verdicts on all counts.

Defendant Warner was originally arraigned on May 23, 2018 and released on a personal bond. He has remained on bond since that time. His bond was continued after the return of the jury's guilty verdict on June 5, 2019. Mr. Warner was sentenced by this Court on February 5, 2020 to a custodial term of 120 months and this Court again continued Warner's bond to allow him to self-report to the facility designated by the Federal Bureau of Prisons for service of his

sentence.

Warner filed a motion for new trial on July 10, 2019 (ECF 132: Motion for New Trial). He argued that he was denied his right to representation by counsel of choice, Robert Harrison, when the Court denied his requests for adjournment of the trial date. Trial counsel Harrison had informally asked for an adjournment of trial in email communications with the Court on May 15 and 16, 2019 (ECF 133 Sealed Exhibits D and E to ECF 132, 5/15/19 email, 5/16/19 email); and, he filed a motion on May 17, 2019 (ECF 106) to request an adjournment. For his reasons to support these requests, Mr. Harrison referred in his May 16, 2019 email to his back pain and fatigue stemming from August 2018 spinal surgery, and his desire to have the opportunity to retain the services of an additional trial attorney to assist him. He confirmed in his email that Mr. Warner had no objection to an adjournment. His motion to adjourn discussed his "constant pain and fatigue" caused by his 2018 back surgery. (ECF 106: Emergency Motion to Adjourn, Pg ID 493). This Court rejected Harrison's informal request and denied his motion for adjournment. (R133: Sealed Motion Exhibit E to R132: Motion for New Trial). Harrison also prepared Affidavits that were submitted in support of his new trial motion that described his back pain and fatigue that continued throughout trial. (Id, Exhibit F, ¶¶ 17-24; ECF 142: Sealed Exhibit at 8-17).

Mr. Warner's motion relied on *Gonzalez-Lopez v. United States*, 548 US 140 (2006). According to *Gonzalez-Lopez*, denial of the right to representation by retained counsel of choice is a structural error that requires no showing of prejudice. *Id.* at 148. ("Where the right to be assisted by counsel of one's choice is wrongly denied, therefore, it is unnecessary to conduct an ineffectiveness or prejudice inquiry to establish a Sixth Amendment violation.")

This Court denied the motion. (ECF 153: Order Denying New Trial). It explained that while Harrison did suggest that he may seek additional counsel if the Court adjourned the trial date, "there is no Supreme Court precedent that addresses the right to counsel of choice in the multiple counsel context." (Id, Pg ID 1088).

This Court also denied Warner's motion for reconsideration. (ECF 169: Order Denying Defendant's Motion for Reconsideration of Order Denying Motion for New Trial [ECF No. 159]). This Court again explained its view that *Gonzalez-Lopez* does not hold that the defendant has the right to more than one retained counsel. The Order also cites *Abbey v. Howe*, 742 F3d 221, 227 (6th Cir. 2014), which states that the Supreme Court in *Gonzalez-Lopez*, does not "**squarely address**[] the scope of the right to counsel of choice in the multiple-counsel." (emphasis added). And, it notes that *Abbey v. Howe* acknowledges "two other

circuit courts have determined that the right to counsel of choice applies to second or secondary counsel, see *Rodriguez v. Chandler*, 492 F3d 863, 864-65 (7th Cir. 2007); *United States v. Laura*, 607 F2d 52, 55-57 (3rd Cir. 1979)."

This Court also explained in its Order denying reconsideration that Harrison's communications with the Court about an adjournment because of his pain or interest in retaining additional counsel were not by way of a motion and did not trigger the Court's duty to inquire. (ECF 169: Order Denying Reconsideration, Pg ID 1637-40).

As is discussed below, in light of case law concerning bond on appeal, it is reasonable to conclude that this issue may be viewed differently on appeal than it was by this Court.

### III. ARGUMENT

#### A. DEFENDANT WARNER IS NOT LIKELY TO FLEE OR POSE A DANGER TO THE SAFETY OF ANY OTHER PERSON OR THE COMMUNITY.

Defendant Warner meets the first criteria necessary to be found in support of bond on appeal because he is neither a flight risk or a danger to the community. Compelling evidence in support of this position is found in Mr. Warner's record of compliance with his bond conditions throughout all of his proceedings through this time and in this Court's continuation of his bond.

18 USC §3143(b)(1)(A) requires that in order to be released on bail, a defendant must demonstrate:

> by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any person or the community if released under §3142(b) or (c) of this Title.

Defendant Warner meets this criteria. He has been on bond and compliant with all conditions since his initial arraignment in May, 2018.

### B. DEFENDANT WARNER'S APPEAL WILL RAISE A SUBSTANTIAL QUESTION OF LAW OR FACT LIKELY TO RESULT IN REVERSAL OR AN ORDER FOR A NEW TRIAL.

As discussed below, it is not necessary for this Court to re-decide Warner's New Trial Motion or to conclude now that the Court of Appeals is likely to reverse on appeal. What is required is that this Court find the issue particularly discussed here that was addressed in Warner's New Trial Motion is either a close question, or is one that is novel or on which there is no controlling precedent; and, of course, that a favorable outcome for Warner would result in a new trial.

18 USC §3143(b)(1)(B) requires that a defendant seeking to be released on bail pending appeal must demonstrate to the court that his appeal will raise substantial issues. That is, he must demonstrate that his appeal:

> is not for the purpose of delay and raises a substantial question of law or fact likely to result in –

> (i) reversal,
> (ii) an order for a new trial,
> (iii) a sentence that does not include a term of imprisonment, or
> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

To determine whether there are substantial questions of law or fact likely to be reversed upon appeal within the meaning of this standard, this Court should engage in a two-part analysis. *United States v Henson*, 633 F Supp 1112, 1113 (WD KY, 1987); *United States v Pollard*, 778 F2d 1177, 1181 (6th Cir., 1985); *United States v Chillingarian*, 280 F3d 704 (6th Cir., 2002). First, this Court should determine whether the issue to be raised on appeal is substantial; that is, one that is defined either as a "close question or one that could go either way," *Pollard, supra* at 1182; or is defined as a novel question, or one that has not been decided by controlling precedent, or one which is fairly doubtful. *United States v. Miller*, 753 F2d 19, 23 (3rd Cir., 1985). Second, this Court then should determine whether the question if decided differently on appeal than it was in this Court, will result in a reversal or order for a new trial; or, stated differently, whether the question presented is "so integral to the merits of the conviction that it is more probable than not that reversal or new trial will occur if the question is decided in the defendant's favor." *Pollard, supra* at 1182.

Defendant Warner submits that the issues raised by his motion for new trial satisfy these requirements. His issues relating to denial of his motion for new trial concern whether Warner was denied services of his retained counsel of choice, Mr. Harrison, because of Harrison's physical difficulties that impacted his performance and because Harrison advised this Court before trial that if it had granted an adjournment, he would have retained additional trial counsel. The seriousness of Mr. Harrison's need for an adjournment was reaffirmed by his post-trial diagnosis of a spinal fracture and surgeries scheduled for September, 2019. (ECF 142: Sealed Exhibits to Reply Brief, ¶¶ 8-17). In fact, Mr. Harrison underwent three surgeries on September 18 and 20, 2019 in order to ameliorate his condition with the attachment of a plate, rod and screws to his spine.

These issues are substantial because denial of the Sixth Amendment right to counsel is a structural error for which no showing of prejudice is required. *Gonzalez v. Lopez, supra*. They also meet this criteria because as this Court acknowledged in citing *Abbey v. Howe,* it is the view of the Sixth Circuit that the issue of the right to multiple counsel is one that has not yet been decided by controlling precedent. It has not yet been "squarely addressed" by the Supreme Court, but is one that has been recognized by at least two other circuits. 742 F3d at 227; See, *Miller*, *supra*, at 23. Similarly, whether email communications with the

court and other circumstances in the record less than a specific motion for delay in trial and additional counsel are sufficient to trigger the court's duty to inquire about trial counsel's ability to fulfill his Sixth Amendment duties, raise issues that have not been squarely answered in this Circuit. *Von Moltke v. Gillies*, 332 US 708, 722-23 (1948).

## IV. CONCLUSION AND REQUEST FOR RELIEF

It is respectfully requested that this Court grant Defendant James Warner bond pending appeal.

Respectfully submitted,

**GUREWITZ & RABEN, PLC**

s/Harold Gurewitz
Gurewitz & Raben, PLC
333 W. Fort Street, Suite 1400
Detroit, MI 48226
(313) 628-4733
Email:  hgurewitz@grplc.com
Attorney Bar Number:  14468

Date: February 25, 2020

### CERTIFICATE OF SERVICE

  I hereby certify that on February 25, 2020, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to AUSA's Eaton Brown and Mark Chutkow.

              s/Harold Gurewitz (P14468)
              Gurewitz & Raben, PLC
              333 W. Fort Street, Suite 1400
              Detroit, MI 48226
              (313) 628-4733
              email:  hgurewitz@grplc.com