# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

United States of America,

        Plaintiff,        Case No. 18-CR-20255

   v.        District Judge Victoria A. Roberts
        Magistrate Judge R. Steven Whalen

D-3 James Warner,

        Defendant.
_____/

# Government's Response to Defendant's Motion for Bond [R. 180]

1

## Table of Contents

Statement of the Issue ..................................................................................................4

Introduction ................................................................................................................5

Argument....................................................................................................................6

   A.    Warner is a danger to himself.........................................................................6

   B.    Warner is unlikely to prevail on appeal..........................................................7

Conclusion .................................................................................................................9

Certificate of Service ...............................................................................................10

# Index of Authorities

**Cases**

*United States v. Chilingirian*,
   280 F.3d 704 (6th Cir. 2002) .......................................................................5, 6

*United States v. Gonzalez-Lopez*, 548 U.S. 140 (2006) ............................................8

*United States v. Moore*, Nos. 88-5460, 88-5503,
   1988 WL 63191 (6th Cir. June 16, 1988) ........................................................8

*United States v. Pollard*, 778 F.2d 1177 (6th Cir. 1985) ............................................7

**Statutes**

18 U.S.C. § 3143 ....................................................................................... passim

## Statement of the Issue

Should the Court grant Warner bond pending appeal absent clear and convincing evidence he is not a danger to himself or others, and where there is no substantial issue of law or fact likely to result in reversal of his conviction?

## Introduction

Warner stands convicted of ten crimes as he awaits the beginning of a 120-month prison sentence. (R. 113: Verdict, 524-27; R. 177: Judgment, 1770). In spite of a statutory presumption to the contrary, Warner argues this Court should release him on bond pending appeal of his conviction. *United States v. Chilingirian*, 280 F.3d 704, 709 (6th Cir. 2002); (R. 180: Def. Mot., 1782-83). But there is not clear and convincing evidence that Warner is not a danger to himself or others, and it is unlikely that the Court of Appeals will find this Court abused its discretion in declining to grant his motion for a new trial or his motion to reconsider. 18 U.S.C. § 3143(b)(1)(A) and (B); (R. 153: Order Denying Mot., 1084-89; ; R.: 159: Def. Mot. for Reconsid.; R. 180: Def. Mot., 1782-83).

Warner's motion should be denied.

**Argument**

Under 18 U.S.C. § 3143, this Court is required to order the detention, pending appeal, of an individual who has been sentenced to a term of imprisonment. *Id*. Section 3143 "creates a presumption against release pending appeal." *Chilingirian*, 280 F.3d at 709. In order to grant Warner's motion, the Court must find (1) by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other person or the community, *and* (2) that he has demonstrated that his appeal will raise a substantial question of law or fact likely to result in a reversal, a new trial, or a reduced sentence. 18 U.S.C. § 3143(b)(1) (emphasis added). Warner can demonstrate neither. His motion should be denied.

**A.     Warner is a danger to himself.**

Warner is unable to present clear and convincing evidence that he is not a danger to himself or others. 18 U.S.C. § 3143(b)(1)(A). He has struggled with severe depression and suicidal thoughts for the majority of his life. Exh. 1, PSR, ¶¶ 50-54 (*sealed*); Exh. 2., Letter from Lakes Internal Medicine (*sealed*). From a young age, Warner received treatment for major depressive disorder, and bipolar disorder. *See*, Exh. 2. He has also spent time at multiple psychiatric hospitals where he was treated for suicidal thoughts. Exh. 1, ¶ 52. Six months after

6

confessing to FBI agents that he had accepted bribes and kickbacks from airport contractors in this case, his family found him suffering from carbon monoxide poisoning in a shed near his house. Warner was then admitted to yet another psychiatric facility. Though Warner now denies his depressed and suicidal condition, he recently admitted to the Probation Department that "more than half of the time," he thinks he "…would be better off dead or hurting [him]self." *Id.*

His current periodic outpatient psychiatric treatment, hardly qualifies as "clear and convincing evidence" that he does not pose a danger to any person in the community, including himself. 18 U.S.C. § 3143(b)(1)(A). Warner should be detained pending his appeal.

**B.  Warner is unlikely to prevail on appeal.**

Neither is Warner likely to prevail on appeal. "[A]n appeal raises a substantial question when [it] presents a 'close question or one that could go either way' and the question 'is so integral to the merits of the conviction that it is more probable than not that reversal or a new trial will occur if the question is decided in the defendant's favor." *United States v. Pollard*, 778 F.2d 1177, 1182 (6th Cir. 1985).

This motion is Warner's fourth attempt to convince this Court that it violated his Sixth Amendment rights by denying his counsel of choice. *United States v.*

7

*Gonzalez-Lopez*, 548 U.S. 140, 144 (2006); (R. 180: Def. Mot. for Bond, 1787-90; R. 132: Def. Mot., 836-54; R.: 159: Def. Mot. for Reconsid., 1121-30; R. 164: Def. Reply to Mot. for Reconsid., 1601-12). But "mere identification of issues," even multiple times, is not enough to establish a substantial question of law or fact under Section 3143(b)(1)(B). *United States v. Moore*, Nos. 88-5460, 88-5503, 1988 WL 63191, at *1 (6th Cir. June 16, 1988).

This Court thoroughly considered and denied Warner's initial post-conviction motion, as well as his subsequent attempts to reframe his arguments through claims of "palpable defects" in the Court's reasoning. (R. 132: Def. Mot., 836-54; R.: 159: Def. Mot. for Reconsid., 1121-30; R. 164: Def. Reply to Mot. for Reconsid., 1601-12; R. 152: Order Denying Mot., 1084-89; R. 169: Order Denying Mot. for Reconsid., 1631-41). Warner was not deprived of the counsel of his choice when the Court declined to grant his emergency motion for adjournment four days before trial. (R. 153: Order, 1086). Neither did Warner express dissatisfaction with his lawyer or request a new one. (*Id.*; R. 169: Order on Mot. to Reconsid., 1631, 1636-39). Even if he had, the right to counsel of choice does not apply to an additional—in this case, third—trial lawyer. (R. 169: Order on Mot. to Reconsid., 1634). Raising these issues once again, does not transform them into a

8

substantial question of law and fact no matter how many times Warner asks.

18 U.S.C. § 3143(b)(1)(B).

## Conclusion

Warner's motion for bond pending appeal should be denied.

Respectfully submitted,

Matthew Schneider
United States Attorney

/s/ Eaton P. Brown
Eaton P. Brown
Mark Chutkow
Assistant U.S. Attorneys
211 West Fort Street, Suite 2001
Detroit, MI 48226
Phone: (313) 226-9100
eaton.brown@usdoj.gov

Dated: March 10, 2020

9

**Certificate of Service**

I certify that on March 10, 2020, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following attorney for the defendant:

    Harold Gurewitz

                      /s/ Eaton Brown
                      Eaton Brown
                      Assistant United States Attorney
                      Eastern District of Michigan
                      211 W. Fort St., Suite 2001
                      Detroit, Michigan 48226
                      313.226.9184
                      eaton.brown@usdoj.gov
                      P66003