UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                  Case No. 18-20255-3
                                        HON. VICTORIA A. ROBERTS

v.

JAMES WARNER,

       Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR BOND PENDING APPEAL (ECF No. 180)

### I. INTRODUCTION

James Warner ("Warner") filed this Motion for Bond Pending Appeal. Because Warner satisfies the requirements of 18 U.S.C. § 3143(b), the Court **GRANTS** his Motion.

### II. RELEVANT FACTUAL BACKGROUND

The Court released Warner on bond after his arraignment on May 23, 2018. On June 5, 2019 a jury convicted Warner on ten counts related to a multi-defendant bribery scheme to defraud the Wayne County Airport Authority.

Warner filed a Motion for New Trial. [ECF No. 132]. He argued the Court denied his Sixth Amendment right to counsel of choice when it denied

1

his emergency motion for adjournment four days before trial. The Court denied the Motion. It found Warner failed to include a request for additional counsel in his motion to adjourn. Instead, the Court found that Warner inappropriately relied on email communications between the Court and his trial attorney, where his attorney mentioned that he *may* obtain additional trial counsel if trial was adjourned. The Court denied a Motion for Reconsideration.

The Court sentenced Warner to 120 months in prison. At sentencing, the Court continued Warner's bond and allowed him to self-report when designated by the Bureau of Prisons.

Now, in his Motion for Bond Pending Appeal, Warner contends he is neither a flight risk nor a danger, and that his appeal raises a substantial question likely to result in reversal and a new trial.

### III. STANDARD OF REVIEW

There is a presumption of detention for a defendant who has been found guilty, sentenced to a term in prison, and who has filed an appeal. 18 U.S.C. § 3143(b)(1); *see also United States v. Vance,* 851 F.2d 166, 168 (6th Cir. 1988). Before releasing a defendant on bond pending appeal, a district court is required to make two findings. *United States v. Pollard,* 778 F.2d 1177, 1181 (6th Cir. 1985). First, the court must find by clear and convincing

2

evidence that the convicted person will not flee or pose a danger to the community. 18 U.S.C. § 3143(b)(1)(A). Second, the court must find that the appeal is not to delay, and that it raises a substantial question of law or fact likely to result in reversal, a new trial, a sentence without a term in prison, or a sentence reduction to a term in prison less than the time already served plus the expected duration of the appeal process. 18 U.S.C. § 3143(b)(1)(B).

## IV. ANALYSIS

### A. Warner Establishes by Clear and Convincing Evidence That He is Not a Flight Risk or a Danger to Himself or Others

Warner says he satisfies this first criteria because of his record of compliance with his bond conditions throughout his proceedings. The Government disagrees; it says Warner is a danger to himself because of his mental health history and suicidal ideation.

The Court was made aware of Warner's mental health history, both in the Presentence Investigation Report and in Warner's Sentencing Memorandum. In fact, at the conclusion of Warner's sentencing, the Court directed him to continue to meet with his mental health care provider weekly and provide updates to the Court. He has satisfied this directive since February 5, 2020. And, there is no evidence presented whatsoever, that Warner is a flight risk.

3

The Court finds Warner establishes by clear and convincing evidence that he is not a flight risk or a danger to the community; he has complied with all bond conditions.

### B. Warner's Appeal is Not a Delay Tactic, and Raises a Substantial Question

Warner argues he satisfies this second criteria based on the issues he raised in his Motion for New Trial. [ECF No. 132]. Warner says his appeal raises substantial questions because: (1) the denial of the Sixth Amendment right to counsel is a structural error for which no showing of prejudice is required; (2) there is no controlling precedent for the right to multiple counsel of choice; and (3) there is no controlling precedent for whether email communications with the Court and other circumstances in the record that fall short of a motion for delay in trial and additional counsel, are sufficient to trigger the Court's duty to inquire.

The Government says Warner simply asserts the same arguments raised before, and that the mere identification of issues is not enough to establish a substantial question of law or fact under § 3143(b)(1)(B).

In denying Warner's Motion for New Trial and his Motion for Reconsideration, the Court partially relied on *Abby v. Howe,* 742 F.3d 221 (6th Cir. 2014). There, the Sixth Circuit found that the Supreme Court has not squarely addressed a defendant's right to counsel of choice in the

multiple-counsel context. Although the Sixth Circuit did not stake out a position on the issue, at least two other circuits determined that the right applies to second or secondary counsel. *Id.* at 227 (citing *Rodriguez v. Chandler,* 492 F.3d 863, 864-65 (7th Cir. 2007); *United States v. Laura,* 607 F.2d 52, 55-57 (3d Cir. 1979)).

In denying Warner's Motion for New Trial and Motion for Reconsideration, the Court distinguished those cases and made clear that it believed Warner never requested that his trial counsel and his associate be replaced, never requested additional counsel, and only made an informal request for a third attorney. The Court stands by its findings.

But, the Sixth Circuit said 18 U.S.C. § 3143(b)(1)(B) "does not require the district court to find that it committed reversible error" for it to find that the defendant's appeal raises a substantial question. *United States v. Roth,* 642 F. Supp. 2d 796, 798 (quoting *United States v. Pollard,* 778 F.2d 1177, 1181-1182 (6th Cir. 1985). An appeal raises a substantial question "when the appeal presents a close question or one that could go either way and that the question is so integral to the merits of the conviction that it is more probable than not that reversal or a new trial will occur if the question is decided in the defendant's favor." *Pollard,* 778 F.2d at 1182 (citation and question marks omitted). A substantial question is "'one which is either novel,

which has not been decided by controlling precedent, or which is fairly doubtful.'" *Roth,* 642 F. Supp. 2d at 798 (quoting *United States v. Miller,* 753 F.2d 19, 23 (3d Cir. 1985)).

Because neither the Sixth Circuit nor the Supreme Court squarely addressed the right to counsel of choice in the multiple-counsel context, the Court finds Warner raises a substantial question of law on appeal. Further, because the Circuit has not addressed whether an email communication alone could trigger the Court's duty to inquire about trial counsel's ability to fulfill his duties, the Court finds this also raises a substantial question on appeal.

### C. Outcome Likely to Result in Reversal and a New Trial

If the Sixth Circuit finds counsel's email to the Court that Warner *may* obtain additional trial counsel if trial was delayed was sufficient to trigger the Court's duty to inquire – and that the right to counsel of choice applies in the multiple-counsel context – the Sixth Circuit will likely remand the case for a new trial based on a structural violation of the Sixth Amendment, for which no showing of prejudice is required. *United States v. Gonzalez-Lopez,* 548 U.S. 140, 148 (2006).

## V. CONCLUSION

Warner satisfies the requirements of 18 U.S.C. § 3143(b) and, accordingly, the Court **GRANTS** his Motion for Bond Pending Appeal.

**IT IS ORDERED.**

s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: March 20, 2020

7