UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

               Plaintiff,

v.

D-3   James Warner,

               Defendant.

Case No. 18-cr-20255
Honorable Victoria A. Roberts

---

### Stipulated Second Amended Preliminary Order of Forfeiture

---

Plaintiff, by and through its undersigned attorneys, together with Defendant James Warner ("Defendant"), by and through his attorney, Robert Harrison, Esq., submit this Stipulated Second Amended Preliminary Order of Forfeiture for immediate entry, and stipulate and agree to the following:

A Second Superseding Indictment was filed on May 23, 2018 charging defendant James Warner with federal violations including Conspiracy to Commit Theft From a Federally Funded Program and Program Bribery in violation of 18 U.S.C. §§ 371, 666(a)(1)(A) and (B) (Count One); Theft From a Federally Funded Program in violation of 18 U.S.C. § 666(a)(1)(A) (Counts Two and Three); Conspiracy to Commit Money Laundering in violation of 18 U.S.C. § 1956(h) (Counts Four and Six); Conspiracy to Commit Federal Program Bribery in

violation of 18 U.S.C. §§ 371, 666(a)(1)(B) (Count Five); Federal Program Bribery in violation of 18 U.S.C. § 666(a)(1)(B) (Count Seven); and Obstruction of Justice in violation of 18 U.S.C. §§ 1519 and 2 (Count Eight) (ECF No. 7).

The Second Superseding Indictment contained forfeiture allegations providing notice of the government's intention, pursuant to 18 U.S.C. § 981(a)(1)(C) together with 28 U.S.C. § 2461(c), to seek forfeiture to the United States of any property constituting, or derived, directly or indirectly, from gross proceeds traceable to the commission of violations charged in Counts One through Seven. The Second Superseding Indictment also provided notice of the government's intention to seek a forfeiture money judgment in an amount of at least $5,474,132.48.

The government filed a Forfeiture Bill of Particulars on May 25, 2018 (ECF No. 14) providing notice of the government's intention, pursuant to 18 U.S.C. § 981(a)(1)(C) together with 28 U.S.C. § 2461(c), to forfeit the following specific assets:

a) $468,830.65 in funds from account number: 3883329305 in the name of JBL Property LLC at TCF National Bank, Plymouth, MN;

b) $2,028,136.38 in frozen funds from account number: 638-241262 in the name of James R. Warner at Fidelity Investments, Covington, KY;

  c) $806,013.65 in frozen funds from account number: 159-930270 in the name of James R. Warner at Fidelity Investments, Covington, KY;

  d) $326,980.51 in frozen funds from account number: X26-993360 in the name of James R. Warner at Fidelity Investments, Covington, KY; and

  e) $301,278.38 in frozen funds from account number: X26-993379 in the name of James R. Warner at Fidelity Investments, Covington, KY;

(hereinafter collectively the "Subject Property").

The Fifth Superseding Indictment contained forfeiture allegations providing notice of the government's intention, pursuant to 18 U.S.C. § 981(a)(1)(C) together with 28 U.S.C. § 2461(c), to seek forfeiture to the United States of any property constituting, or derived, directly or indirectly, from gross proceeds traceable to the commission of violations charged in Counts One through Nine and, pursuant to 18 U.S.C. § 982(a)(1), any property, real or personal, involved in violations as charged in Counts One through Nine. The Fifth Superseding Indictment also provided notice of the government's intention to seek a forfeiture money judgment in an amount of at least $5,474,132.48.

James Warner proceeded to trial. A jury convicted him on June 5, 2019 on Counts One through Ten of the Fifth Superseding Indictment. (ECF No. 113).

On August 27, 2019, the government filed an application for entry of a

preliminary order of forfeiture seeking direct forfeiture of seized funds or frozen funds and a money judgment to reflect the proceeds derived from the counts of conviction. (ECF No. 143).

On August 31, 2019, the Court entered a Preliminary Order of Forfeiture ("POF") granting and entering a forfeiture money judgment against James Warner in the amount of $5,474,132.48, which constitutes the total amount of gross proceeds obtained by defendant as a result of the violations set forth in Count One of the Fifth Superseding Indictment, and ordering the direct forfeiture of the Subject Property. (ECF No. 144).

The Court sentenced defendant on February 5, 2020, and a Judgment in a Criminal Case was entered on February 7, 2020, which incorporated the POF by reference, and included the imposition of the $5,474,132.48 forfeiture money judgment. (ECF No. 177, Page.ID1776).

The combined value of the directly forfeited Subject Additional Funds equals $3,931,239.57. Because forfeiture law provides that any specific assets directly and finally forfeited will reduce the outstanding forfeiture money judgement amount, the value of the Subject Additional Funds was applied to the money judgment, leaving a balance of $1,542,892.91.

None of the $1,542,892.91 money judgment has been paid.

Upon liquidation following entry of the final order of forfeiture, the value of the four frozen accounts identified in the POF had increased to amounts greater than the forfeiture amounts provided in the POF. Specifically:

a) The value of the frozen Fidelity Investments account number 638-241262 funds forfeited in the POF was $2,028,136.38, but the final anticipated liquidated amount was $2,294,281.03, leaving an overage of **$266,144.65**.

b) The value of the frozen Fidelity Investments account number159-930270 funds forfeited in the POF is $806,013.65, but the final anticipated liquidated amount was $989,171.85, leaving an overage of **$183,158.20**.

c) The value of the frozen Fidelity Investments account number X26-993360 funds forfeited in the POF is $326,980.51, but the final anticipated liquidated amount was $332,235.25, leaving an overage of **$5,254.74**.

d) The value of the frozen Fidelity Investments account number X26-993379 funds forfeited in the POF is $301,278.38, but the final anticipated liquidated amount was $309,443.86, leaving an overage of **$8,165.48**.

In approximately November 2021, the total amount of additional funds from the liquidated accounts above (item nos. (a) through (d)) totaled **$462,723.07** ("Additional Funds").

The Additional Funds are subject to the existing Preliminary Order of Forfeiture as substitute assets pursuant to 21 U.S.C. § 853(p)(2).

The Government moved to amend the forfeiture order to include the Additional Funds as substitute property, as provided by Rule 32.2(e) of the Federal Rules of Criminal Procedure. The Court entered an Amended Preliminary Order of Forfeiture for the Additional Funds. (ECF No. 215).

Subsequently, additional earnings and interest have accrued and have been transferred to the United States Marshals Service constituting additional assets to be forfeited from the liquidation of the following accounts:

   a) The value of the frozen Fidelity Investments account number 638-241262 funds forfeited in the POF was $2,028,136.38. In the Amended POF the liquidated amount at that time was $2,294,181.03 and was forfeited in the Amended POF.  Currently, this Fidelity Investment Account is still being liquidated and any additional earnings and interest received on this account are subject to forfeiture to the government (total liquidated amount as of today

6

is approximately $2,297,346.90).

b) The value of the frozen Fidelity Investments account number159-930270 funds forfeited in the POF was $806,013.65. In the Amended POF, the liquidated amount at that time was $989,171.85 and was forfeited in the Amended POF. Currently, this Fidelity Investment Account is still being liquidated and any additional earnings and interest received on this account are subject to forfeiture to the government (total liquidated amount as of today is approximately $989,177.47).

c) The value of the frozen Fidelity Investments account number X26-993360 funds forfeited in the POF was $326,980.51. In the Amended POF, the liquidated amount at that time was $332,235.25 and was forfeited in the Amended POF. Currently, this Fidelity Investment Account is still being liquidated and any additional earnings and interest received on this account are subject to forfeiture to the government (total liquidated amount as of today is approximately $332,237.89).

d) The value of the frozen Fidelity Investments account number X26-

993379 funds forfeited in the POF was $301,278.38. In the Amended POF the liquidated amount at that time was $309,443.86 and was forfeited in the Amended POF. Currently, this Fidelity Investment Account is still being liquidated and any additional earnings and interest received on this account are subject to forfeiture to the government (total liquidated amount as of today is approximately $309,446.32).

The amounts by which the balance in all four accounts exceeds the amounts listed in the POF due to earnings and interest, is hereinafter referred to as the "Additional Forfeitable Funds."

Based on James Warner's conviction and the information in the record:

1. Any and all interest of Defendant James Warner in the Additional Forfeitable Funds, which includes any additional earnings and interest relating to the accounts listed in Item Nos. (a) through (d) immediately above ARE FORFEITED to the United States for disposition in accordance with the law. Any right, title or interest of Defendant James Warner, and any right, title or interest that his heirs, successors or assigns have or may have in defendant property ARE EXTINGUISHED. Based on the POF (ECF No. 144) and this order forfeiting the Additional Forfeitable Funds (and to clarify and avoid the need for similar orders

8

in the future), all funds on deposit and any and all earnings and interest accrued in the accounts listed in Item Nos. (a) through (d) above ARE FORFEITED to the United States for disposition in accordance with the law. Any right, title or interest of Defendant James Warner, and any right, title or interest that his heirs, successors or assigns have or may have in defendant property ARE EXTINGUISHED.

2. The forfeiture money judgment for which Defendant James Warner is liable must be reduced by the net funds realized from the Additional Forfeitable Funds.

3. The United States is authorized, pursuant to Federal Rules of Criminal Procedure 32(d)(2), to conduct any discovery that the Court considers proper to help identify, locate, or dispose of any assets listed here, to seize any assets identified here which are not currently in the custody or control of the United States, and to begin proceedings consistent with applicable statutory requirements pertaining to ancillary hearings and the rights of any third parties.

4. Upon entry of this order, the United States must publish on www.forfeiture.gov, notice of this amended preliminary forfeiture order and of its intent to dispose of the Additional Forfeitable Funds in such manner as the Attorney General may direct, pursuant to 21 U.S.C. § 853(n). The notice must direct that any person other than the Defendant asserting a legal interest in the

9

Additional Forfeitable Funds may file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.  The petition must be for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in the Additional Forfeitable Funds.  The petition must be signed by the petitioner under penalty of perjury and must set forth the nature and extent of the petitioner's alleged right, title or interest in the Additional Forfeitable Funds, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Substitute Assets, any additional facts supporting the petitioner's claim, and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person or entity known to have an alleged interest in the Additional Forfeitable Funds.

5.   The Court retains jurisdiction to enforce this Stipulated Second Amended Preliminary Order of Forfeiture, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

Approved as to form and substance:

Dawn N. Ison
United States Attorney

| S/ Paul A. Kuebler | S/ Robert Harrison, (with Consent) |
| --- | --- |
| Paul A. Kuebler (NY 4268561) | Robert Harrison |

| | |
|---|---|
| Assistant United States Attorney | Attorney for D-3 James Warner |
| 211 W. Fort Street, Ste. 2001 | 40950 Woodward Avenue Suite 100 |
| Detroit, MI 48226 | Bloomfield Hills, MI 48304 |
| (313) 226-9641 | (248) 283-1600 |
| Paul.Kuebler@usdoj.gov | rsh@harrisonplc.com |
| | |
| Dated: August 11, 2022 | Dated: August 11, 2022 |

**IT IS SO ORDERED.**

s/ Victoria A. Roberts
HONORABLE VICTORIA A. ROBERTS
United States District Judge

Dated:  8/19/2022